NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA



Filed/Docketed
April 13, 2010

In Re:

**ATLAS COMPUTERS, INC.,**   Case No. 07-11665-M
                              Chapter 7
      **Debtor.**


**BRAD FINLEY, RYAN FINLEY, AND
PERRY QUALITY SERVICES, INC.,**

      **Plaintiffs**

v.   Adversary No. 09-01103-TRC

**NOBLE SOKOLOSKY,**

      **Defendant.**


### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT

On February 4, 2010, there came on for evidentiary hearing Plaintiffs' Motion to Remand to State Court (Docket Entry 7) and Brief in Support (Docket Entry 8), Response by Defendant (Docket Entry 9), and Plaintiffs' Reply (Docket Entry 11), Defendant's Combined Motion to Dismiss and Motion for Summary Judgment (Docket Entry 12), Plaintiffs' Response (Docket Entry 23), and Defendant's Reply (Docket Entry 27). Appearing on behalf of Plaintiffs was Bill Wilkinson. Tom Ferguson and Sam Bratton, II, appeared on behalf of Defendant. Also appearing was Trustee Steve Soule. After the hearing, with permission of the Court, Plaintiffs filed a Supplemental Response to Defendant's Combined Motion to Dismiss and Motion for Summary Judgment (Docket Entry 32) and a Notice of Filing of Supplemental Waiver (Docket Entry 33). This Court then took the matters before it under advisement.

This case was assigned to this Court pursuant to the Order of the District Court entered

October 16, 2009, Case No. 09-CV-0397-CVE-PJC.[1]  This Order constitutes the Court's findings of fact and conclusions of law consistent with Fed. R. Bankr. P. 7052.  Having carefully reviewed the arguments of counsel and evidence presented, this Court has determined that this lawsuit should be remanded to the Rogers County District Court.  Defendant's Motion to Dismiss and Motion for Summary Judgment should be addressed and decided by that court.

**I.  Relevant Facts.**

This lawsuit was originally filed on May 27, 2009, in the District Court of Rogers County, State of Oklahoma, Case No. CJ-2009-412.  Defendant removed the action to the United States District Court for the Northern District of Oklahoma ("District Court") on June 22, 2009.  On October 16, 2009, the District Court referred the case to the Bankruptcy Court due to concerns that the case may involve collateral owned by Atlas Computers, Inc., a corporation in bankruptcy ("Atlas").[2]  The District Court determined that the bankruptcy court should decide whether Plaintiffs' claims constituted a core proceeding pursuant to 28 U.S.C. § 157(b) or whether it had "related to" jurisdiction under § 157(c).  It also stated that the bankruptcy court could revisit any orders

---

[1] This case was originally assigned to Judge Terrence L. Michael.  However, Judge Michael recused, and assigned this case to the undersigned Judge.

[2] Prior to transferring this case to the Bankruptcy Court, Chief Judge Claire V. Eagan issued an Order to Show Cause to Defendant (Docket Entry 11 in Case No. 09-CV-0397-CVE-TLW) as to why the case should not be remanded to state court because the Northern District Court lacked subject matter jurisdiction of the removed action. The Order states that this is not a core proceeding, that Plaintiffs' claims arose solely under state law, and that the Court could not determine whether there was another basis for federal court jurisdiction.  Defendant filed a Response arguing essentially the same things he argues to this Court: that the outcome of this case could impact the bankruptcy estate therefore there was subject matter jurisdiction. Ultimately, Judge Eagan referred all issues to this Court for determination.

previously entered by the District Court in the removed action.

Prior to the filing of this lawsuit in Rogers County District Court, Plaintiffs initiated a lawsuit against Atlas in Tulsa County District Court, CJ-2004-1632, which they voluntarily dismissed shortly after filing. Several months later, Plaintiffs filed another lawsuit against Atlas in Tulsa County District Court, CJ-2004-4838, which was also voluntarily dismissed in October 2007.

On June 4, 2007, Defendant filed a collection action against Advanced Networking Systems, Inc. ("ANS") in Rogers County District Court, CJ-2007-342. Allegedly, ANS was registered as a trade name of Atlas just days before the lawsuit was filed. Atlas was not listed in the caption of the case, but was listed as the defendant in the body of the Petition. On June 5, 2007, Defendant was granted a judgment of $735,000 against ANS. Plaintiffs unsuccessfully sought to vacate the judgment.

On August 28, 2007, Atlas filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. Steve Soule was appointed as Trustee.

Plaintiffs filed a Proof of Claim in the Atlas Bankruptcy. They filed this lawsuit in May of 2009, alleging five causes of action: 1) action to vacate Defendant's judgment in the 2007 Rogers County lawsuit; 2) tortious interference with contract between Plaintiffs and Atlas; 3) tortious interference with present and prospective business relations; 4) negligence; and 5) conversion with reimbursement of the value of the property. Plaintiffs seek both actual and exemplary damages as to all causes of action except the first.

At the hearing before this Court on February 4, 2010, Plaintiffs introduced as an exhibit a "Waiver Agreement" signed by Brad Finley, Ryan Finley, and Perry Quality Services. This Waiver Agreement states: "The Plaintiffs do hereby waive any claims which they may have in civil case

number CJ-2009-412, in Rogers County against assets or property belonging to Atlas Computers, Inc., the debtor, in Bankruptcy case number 07-11665-M." Brad and Ryan Finley each testified that the intent and effect of the Waiver Agreement are to make clear that Plaintiffs are not seeking to obtain any assets of the Debtor through this lawsuit, and therefore it should be remanded to Rogers County. Trustee Soule testified that he did not believe the Waiver Agreement was clear regarding the Plaintiffs' intent, and that their lawsuit could affect the bankruptcy estate, either adversely or positively. He also testified that the first and fifth causes of action have the most potential to impact or relate to the bankruptcy. He stated that the second, third and fourth causes of action are unlikely to impact the bankruptcy. Although he was very hesitant to take any position on the issue of remand of this lawsuit, he did state that if the Plaintiffs agreed not to pursue a determination of the ownership of the property foreclosed upon by Defendant in the 2007 Rogers County judgment, then he would have no objection to the Plaintiffs proceeding with this lawsuit in Rogers County rather than through this bankruptcy.

Plaintiffs filed a "Supplemental Waiver Agreement" with this Court on February 12, 2010 (Docket Entry 33-1). It is dated February 10, 2010, and adds the following paragraph to the original Waiver Agreement: "3. The Plaintiffs do hereby waive their rights, if any, to seek a judicial determination in civil case number CJ-2009-412, in Rogers County, regarding assets and property owned by the Plaintiffs at the time of the foreclosure action filed by Defendant Sokolosky in Rogers County."

## II.  Contentions of the Parties.

Pursuant to Fed. R. Bankr. P. 9027(a)(1) and (e)(3), both parties have consented to allow this Court to enter final orders. In their Motion to Remand, Plaintiffs state that this matter is not a core

4

proceeding. At the evidentiary hearing, Plaintiffs changed their minds and orally consented to this Court's entry of final orders. Defendant stated that he consented to this Court's entry of final orders in his Notice of Removal.

Plaintiffs argue that this Court should remand this case to Rogers County District Court because of procedural defects in Defendant's removal of this case and because this Court lacks subject matter jurisdiction. They argue that this case is neither a core proceeding nor a "related to" proceeding. Instead, it is a dispute between a creditor and former creditor of Atlas regarding a judgment Defendant obtained in State Court against an entity that is alleged to have been related to Atlas. Plaintiffs argue that equitable considerations weigh in favor of remand.

Defendant argues that he properly removed this case, that Plaintiffs' action is barred by the statute of limitations, and that this Court has subject matter jurisdiction. This case is essentially an attack on a state court judgment, which, if successful, will result in the collection of assets of the estate from Defendant. Thus, it is a core proceeding that requires this Court to retain jurisdiction. Defendant also argues that this case is "related to" the bankruptcy case, and that this Court should retain jurisdiction to properly resolve these claims. Defendant raises equitable concerns that support retention of jurisdiction by this Court.

**III.   Conclusions of Law.**

This Court does not believe that the removal of this case was untimely or defective, as Plaintiffs contend. The Notice of Removal was timely filed, and although it may not have been filed with the correct court clerk, removal was based upon bankruptcy court jurisdiction. The District Court heard arguments in this case for approximately four months, and it appears that it must have considered the removal proper. Any errors were effectively cured when the case was transferred to

5

bankruptcy court.

The critical issue before this Court is whether it has subject matter jurisdiction over this lawsuit. Bankruptcy courts only have jurisdiction and powers expressly granted by Congress. *In re Gardner*, 918 F.2d 1515, 1517 (10th Cir. 1990) citing *Johnson v. First Nat'l Bank of Montevideo*, *719 F.2d 270, 273 (8th Cir.*1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 243 (1984). Bankruptcy courts have jurisdiction over core proceedings, and may have jurisdiction over non-core proceedings if the case is one related to title 11 proceedings. Core proceedings are those matters that have no existence outside of bankruptcy. 28 U.S.C. § 157(b)(1); *Gardner*, 918 F.2d at 1518. "Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *Id*.

In their state court petition, Plaintiffs assert tort claims of interference with contract and business relations, negligence, and conversion, and include a request to vacate a judgment. None of these claims arise under title 11, nor do they arise in a case under title 11. The claims could proceed in another court and are wholly based on state law. Plaintiffs seek no recovery based upon any bankruptcy law. Therefore, this is not a core proceeding.

Bankruptcy courts may hear a non-core proceeding if it is otherwise "related to" a case under title 11. "A proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 771 (10th Cir. BAP 1997) quoting *Gardner*, 913 F.2d 1518. "Related proceedings 'include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on

the bankruptcy estate.'" *Personette*, 204 B.R. at 771, quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5 (1995).

This Court finds that it does not have "related to" jurisdiction over this case. This proceeding may be characterized as one between two creditors of Atlas regarding a judicial proceeding that occurred prior to the bankruptcy. Plaintiffs seek redress against Defendant for actions he took that allegedly injured Plaintiffs, not for any actions of Atlas or for the return of property that may be property of the bankruptcy estate. This action is brought pursuant to principles of Oklahoma law. Plaintiffs do not seek a return of the property Defendant foreclosed upon in the 2007 collection judgment.

Trustee expressed some concern that the first cause of action to vacate the foreclosure judgment against ANS and the fifth cause of action for conversion might impact the bankruptcy estate because vacating a judgment may lead to a claim to property that may belong to the estate, and conversion implies a return of property converted. This Court does not agree. As for the first cause of action, a careful review of the Petition reveals that Plaintiffs simply seek to set aside the judgment and do not seek a return of the property that may have been owned by Atlas or some other entity prior to the filing of bankruptcy. Paragraph 14 of the Petition states in part: "The judgment and Order approving disposition of collateral should be vacated and set aside." As for the fifth cause of action for conversion, a review of the language of the Petition reveals no request for a return of the property nor a determination of the rights of ownership. It is simply to recover from Defendant for his "wrongful conduct" that was "reckless in nature and in utter disregard of the Plaintiffs' rights." Petition, Paragraph 35.

Plaintiffs testified to this Court and submitted a Waiver and Supplemental Waiver stating that

it is not their intent to recover property that may belong to Atlas. Trustee stated that remand would be fine if Plaintiffs were not making any claims against the property obtained and foreclosed upon by Defendant in the collection action. This Court is satisfied this is the case. Trustee has filed an adversary proceeding against Defendant to recover any property that may have belonged to Atlas that was foreclosed upon by Defendant through his Rogers County judgment. This Court does not believe that seeking to establish some defect in that judgment and recover damages from Defendant personally for reckless conduct will alter Atlas's rights, liabilities, options or freedom of action. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds, Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Plaintiffs' first and fifth causes of action are simply too tenuous to convey jurisdiction pursuant to § 1334(b).

The remainder of Plaintiffs' claims seek actual and punitive damages against the Defendant for his alleged interference with Plaintiffs' business and for negligence. These are separate causes of action between Plaintiffs and Defendant that will have no impact upon the bankruptcy estate. Indeed, Trustee agreed that these claims would not impact the bankruptcy estate. Consequently, this Court does not have jurisdiction over Plaintiff's claims against Defendant, and this case must be remanded to the Rogers County District Court.

Even if there could be some conceivable effect on the bankruptcy estate from this lawsuit that gives rise to "related to" jurisdiction, this Court believes that it should remand for equitable reasons, pursuant to 28 U.S.C. § 1452(b). That statute provides, in relevant part: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The word "may" is used, meaning that remand is a matter within the discretion of this Court. Factors identified as relevant to the issue of remand include: (1) the effect on the

efficient administration of the bankruptcy estate; (2) the predominance of state law issues; (3) the difficulty of applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed parties. *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991). Where remand promotes the values of economy, convenience, fairness and comity, equity favors remand. *See In re 4 Front Petroleum, Inc.*, 345 B.R. 744, 755 n. 14 (Bankr. N.D. Okla. 2006).

Adjudication of this matter by the state court is unlikely to affect the efficient administration of the bankruptcy estate. The causes of action and defenses in this case arise exclusively under Oklahoma law, not federal law. The issues involve the interpretation and application of Oklahoma law that would be best decided by a state court. *See, In re Merry-Go-Round Enterprises, Inc.*, 222 B.R. 254, 257 (D. Md. 1998). The lawsuit involves previous legal proceedings that occurred in state court. Thus, that court is more familiar with the facts and circumstances of the case. Principles of comity favor remand. Consideration of Defendant's argument that this action is barred by the statute of limitations is best left to the state court. There appear to be no compelling reasons for this Court to hear state law claims as part of a bankruptcy proceeding. Therefore, equitable considerations warrant remand of this lawsuit.

### IV. Order of the Court

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand this action to the District Court of Rogers County, State of Oklahoma, is **granted**.

IT IS FURTHER ORDERED that the Clerk of the Bankruptcy Court of the Northern District of Oklahoma shall transmit the record in this proceeding to the Clerk of the District Court in and for

Rogers County, Oklahoma, and file a certificate of such transmission in this proceeding.

    The remaining motions before this Court are **moot.**

*/s/ Tom R. Cornish*
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE